## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 4820 | **DATE** | 6/17/2004 |
| **CASE TITLE** | Holansky vs. Prudential Financial | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Status hearing set for 08/10/04 is stricken and reset to 07/20/04 at 9:00 a.m. For the reason stated in the attached memorandum opinion, the Court hereby grants in part and denies in part defendant's motion to dismiss. The parties shall conduct a FRCP 26(f) conference and file a Joint written Initial Status Report, not to exceed five pages in length by 07/01/04, as detailed on this Court's web page. Enter Memorandum Opinion.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | |
|---|---|---|---|
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | JUN 21 2004 | |
| | Notified counsel by telephone. | date docketed | |
| ✓ | Docketing to mail notices. Judge's staff distributed Memorandum Opinion. | docketing deputy initials | 32 |
| | Mail AO 450 form. | | |
| | Copy to judge/magistrate judge. | date mailed notice | |
| MW6 | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

YAAKOV B. HOLANSKY, )
)
        **Plaintiff,** )
)
v. ) No. 02 C 4820
)
PRUDENTIAL FINANCIAL, )
PRUDENTIAL SECURITIES )
INCORPORATED MASTERSHARE )
PLAN, and JUDY VANCE, )
)
        **Defendants.** )

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant's motion to dismiss. For the reasons stated below we deny the motion in part and grant the motion in part.

## BACKGROUND

In 1999, Plaintiff Yaskov B. Holansky ("Holansky") worked for Defendant Prudential Securities Incorporated ("PSI"). During his employment Holansky elected to participate in a compensation plan referred to as the MasterShare Plan ("Plan"). The Plan is a compensation plan offered to employees called Financial

1

Advisors at PSI. Holansky quit his employment with PSI and PSI told him that his contributions to the Plan were forfeited under the terms of the Plan. PSI claims that before signing onto the Plan, Holansky received an informational booklet and signed an election form that specifically disclosed the forfeiture provision in the plan.

PSI argues that the individuals that participated in the Plan were Financial Advisors and thus, were sophisticated individuals that were knowledgeable in financial matters. Holansky contends that he was merely a Financial Advisor trainee and that he and others were not trained in matters that would have enabled him to understand the forfeiture provision.

Holansky also contends that PSI promoted the Plan as a pension plan and claims that employees were pressured to join the Plan. According to Holansky, all trainees were "strongly encouraged" to join the Plan and that non-participation in the plan was considered an indication that the trainee did not plan to stay with PSI. According to Holanksy, a substantial portion of a trainee's salary was deducted as contributions for the Plan.

Holansky brought the instant action against Defendant PSI and Defendant Judy Vance (hereafter included in references to "PSI") who was PSI's Director of Human Resources. Holansky seeks to recover his contributions and attorneys' fees under § 502 of the Employee Retirement Income Security Act ("ERISA"). Holansky

also brings a breach of fiduciary duty claim under ERISA, an equitable claim for recovery of contributions, a New York labor law claim, and an estoppel claim. Defendants have moved to dismiss the amended complaint in its entirety.

## LEGAL STANDARD

In ruling on a motion to dismiss, the court must draw all reasonable inferences that favor the plaintiff, construe the allegations of the complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Thompson v. Illinois Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002); *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir. 1991). The allegations of a complaint should not be dismissed for a failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Nonetheless, in order to withstand a motion to dismiss, a complaint must allege the "operative facts" upon which each claim is based. *Kyle v. Morton High School*, 144 F.3d 448, 454-55 (7th Cir. 1998); *Lucien v. Preiner*, 967 F.2d 1166, 1168 (7th Cir. 1992). The plaintiff need not allege all of the facts involved in the claim and can plead conclusions. *Higgs v. Carter*, 286 F.3d 437, 439 (7th Cir. 2002); *Kyle*, 144 F.3d at 455. However, any conclusions pled must "provide the

defendant with at least minimal notice of the claim," *Id.*, and the plaintiff cannot satisfy federal pleading requirements merely "by attaching bare legal conclusions to narrated facts which fail to outline the bases of [his] claim." *Perkins*, 939 F.2d at 466-67.

## DISCUSSION

I. Whether the Plan is Governed by ERISA

Holansky's ERISA claims are based upon the provisions of ERISA that prohibit the forfeiture of employee contributions. Defendants seek to dismiss the suit on the basis that the Plan is not governed by ERISA. ERISA governs plans that fall within the definition of an "employee welfare benefit plan" or an "employee pension benefit plan." 29 U.S.C. § 1002(3). Holansky claims that the Plan constitutes an employee pension benefit plan. An employee pension benefit plan is defined as "any plan, fund, or program . . . to the extent that by its express terms or as a result of surrounding circumstances such plan, fund, or program - (i) provides retirement income to employees, or (ii) results in a deferral of income by employees for periods extending to the termination of covered employment or beyond. . . ." 29 U.S.C. § 1002(2)(A). Holansky argues that the surrounding circumstances in this

case indicate that the Plan was an employee pension benefit plan and that it was thus governed by ERISA.

Holansky argues that the Plan is an employee benefit pension plan because the Plan defers taxation. PSI argues that the Plan defers taxation only for a discrete period of time and does not systematically defer taxation until retirement. According to PSI, the Plan provides for distribution during a participant's employment and that at the end of the three year period Plan participants have the unrestricted right to the full value of their shares. However, the Plan allows participants to request successive one year extensions after the three year period. Holansky alleges that Plan participants routinely seek successive one year extensions under the terms of the plan to continue deferment until retirement. PSI argues that simply because employees may theoretically use a Plan to defer income until retirement does not mean that the Plan is an employee benefit pension plan. However, such matters although not conclusive, are relevant for the surrounding circumstances inquiry.

Holansky also alleges that PSI promoted the Plan as an employee benefit pension plan. He claims that PSI told new trainees that the Plan was to serve as a pension plan and was a "great way to save for retirement." (Ans 2). PSI points out that when Holanksy joined the Plan he signed a form indicating that his

5

understanding of the Plan was based on the information contained in the booklet and was not based on oral statements made by others at PSI.

We find that it is premature to dismiss the ERISA claims at this juncture. It is possible, based upon the allegations before us, that the Plan is governed by ERISA. We cannot grant a motion to dismiss "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley*, 355 U.S. at 45-46. Based upon the allegations before us, it is possible that the surrounding circumstances at PSI were such that the Plan was governed by ERISA. PSI's arguments are also overreaching at times because they seek to question the veracity of Holansky's allegations and implore the court to accept PSI's version of the facts which is improper at this stage of the proceedings. It is possible that the Plan is governed by ERISA, if, for example, PSI promoted the Plan as a retirement plan, its employees regularly utilized it as a retirement plan, and the three year period was meaningless because it was routine to simply grant one year extensions until retirement. Holansky is entitled to proceed on to discovery to see if he can collect evidence that would show these facts or other facts that would indicate that ERISA governed the Plan. In discussing our ruling as to the motion to dismiss, we make no findings as to what facts may or may not meet Holansky's burden of proof. Therefore, we deny the motion to dismiss the ERISA claims.

We note that we are informed by PSI that we should not find that the Plan is "draconian" and apparently should not find that it is governed by ERISA because "the existence of the identical forfeiture provision did not stop six judges on the New York Court of Appeals from unanimously holding" that the plan is valid under New York Labor Law. (Reply 5). While this fact may have relevance on the New York Labor Law claim, it has little relevance for our other determinations in this case. PSI has also provided the court with a recitation of their previous successes across the country in litigation. They warn us that "[n]o tribunal has ruled against PSI on its motion for summary judgment." (Mot. 5). However, none of PSI's cited case law is controlling precedent. We address each case before us on an individual basis and decide according to the facts and law before us. PSI's string of citations to other cases, in which rulings were made in its favor, is not dispositive in this case. In fact, other than statutory citations in its briefs, PSI relies exclusively on caselaw outside of this district. Such law is technically persuasive authority, but is not controlling authority.

## II. New York Labor Law Claim

Holansky alleges in his amended complaint that the Plan's payroll deductions violated New York Labor Law § 193.1. Holansky alleges that the law permits

voluntary deductions only for "payments for insurance premiums, pension or health and welfare benefits, contributions to charitable organizations, payments for United States bonds, payments for dues or assessments to a labor organization, and similar payments for the benefit of the employee." (A Compl. 24). PSI argues in its memorandum in support of its motion that the New York Court of Appeals has already considered the Plan in *Marsh v. Prudential Securities Inc.*, 802 N.E.2d 610 (N.Y. 2003) and addressed this same issue and found that the Plan does not violate New York Labor Law § 193.1. Holansky does not respond to this argument at all in his answer brief. PSI argues expressly that Holansky, by his silence, concedes that his claim is without merit and that "[a]ll parties thus agree that the claim fails." (Reply 14). Holansky has not sought leave to file a sur-reply to challenge this statement and his continued silence is an acquiescence that his claim is baseless. A review of the case also reveals that PSI's position is correct. Therefore, we grant PSI's motion to dismiss the New York Labor Law claim.

### III. Estoppel Claim

PSI moves to dismiss the estoppel claim. Holansky contends that PSI should be estopped from enforcing the forfeiture provision because of the manner in which PSI handled FICA taxes on monies that were invested in the Plan. According to

8

Holansky, since the Internal Revenue Code provides that FICA taxes should be withheld when there is a risk of forfeiture, PSI cannot enforce the forfeiture provision. Holansky also makes much of the fact that PSI changed the tax treatment of the Plan. Holansky's arguments on this issue are completely without merit. The the tax treatment of the Plan is not a basis for a valid claim. Holansky even concedes that he received the benefit of the Plan's revised tax treatment in the form of a revised W-2.

Holansky also fails to show how his claim is an estoppel claim and has not provided any law in support of his estoppel claim. While a plaintiff is not required to specifically plead a cause of action and is not required to plead each element of a cause of action, a plaintiff must provide at least the operative facts. *Kyle*, 144 F.3d at 454-55. The doctrine of estoppel is based upon a reasonable reliance by a party to its detriment. *See e.g. Kennedy v. U.S.*, 965 F.2d 413, 417 (7th Cir. 1992); *Estate of Burne Hogarth v. Edgar Rice Burroughs, Inc*, 342 F.3d 149, 165 (2nd Cir. 2003). Holansky fails to allege facts that would fit into that definition. There is no indication that the Plan was operated in a manner other than Holanksy should have expected. Estoppel is not simply a catchall cause of action which any plaintiff can bring to estop a defendant from doing something. Therefore, for this reason and the reasons stated above, we grant the motion to dismiss the estoppel claim.

## CONCLUSION

Based on the foregoing analysis, we deny the motion to dismiss the ERISA claims and grant the motion to dismiss the New York labor law claim and the estoppel claim.

Samuel Der-Yeghiayan
United States District Court Judge

Dated: June 17, 2004